**[J-72-2024] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 11 WAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered July 21, |
| | : | 2023, at No. 747 WDA 2022, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Butler County entered May 26, |
| BRENDAN ALEXANDER LINTON, | : | 2022, at No. CP-10-CR-0001351- |
| | : | 2021. |
| Appellant | : | |
| | : | ARGUED:  October 10, 2024 |

**DISSENTING OPINION**

**JUSTICE McCAFFERY**                                      **DECIDED: JUNE 17, 2025**

Today, the Majority announces a "reasonable under the totality of the circumstances" test for pedalcycle operators to use in assessing whether they should leave a roadway.  While the Majority denies that this imposes "an absolute duty to vacate the roadway whenever a faster moving vehicle approaches[,]" I cannot agree.  Majority Opinion at 18.  In practice, the Majority's standard provides no safe harbor or even an easily ascertainable rule for pedalcycle operators to avoid being convicted, let alone charged with violating Section 3364(b)(2).[1]  I therefore dissent.

---

[1] Being stopped is, in itself, a burden – it delays the pedalcycle operator from keeping to his or her schedule.  Beyond that, being cited for violating the Vehicle Code, even if the operator is ultimately acquitted, brings its own unavoidable costs of court fees and time spent litigating.  I do not presume the Legislature intended to have pedalcycle operators bear these risks every time they exercise their right to use the Commonwealth's roadways.

I begin by emphasizing it is the Commonwealth's burden to prove that the pedalcyclist's choice is unreasonable, rather than the cyclist's burden to establish they acted reasonably. *Compare* Majority Opinion at 19 (observing that Section 3364(b)(2) "imposes a duty on pedalcycle operators to use reasonable efforts so as not to impede the normal and reasonable movement of traffic."). With this focus, the flaws in the Majority's test under Section 3364(b)(2) become apparent. It directs a fact-finder to consider a non-exclusive laundry list of factors from the safety and comfort of a courtroom. *Id.* There is no consideration of how a pedalcycle operator is supposed to comply with this test. As it stands, the Majority requires pedalcycle operators to keep a running tally of a multitude of circumstances in real time, with the knowledge that a factfinder, again safely ensconced in a courtroom, may simply disagree with their assessment. Under these circumstances, a risk-averse operator would correctly assume his or her only option is to pull off the roadway if he or she does not want to risk a citation. I cannot believe that this absurd result is what the Legislature intended.

In any event, I conclude the structure of Section 3364(b)(2) reveals the Legislature did not intend to require pedalcycle operators to leave the roadway or face the constant risk of being cited. Through Section 3364(b)(1), the Legislature explicitly imposed a duty on drivers of vehicles to exit the roadway if their speed is impeding the reasonable flow of traffic. *See* 75 Pa.C.S. § 3364(b)(1).[2] In contrast, the pedalcycle provision listed at

_____

[2] Subsection (b)(1) states:

> Except when reduced speed is necessary for safe operation or in compliance with law, whenever any person drives a vehicle upon a roadway having width for not more than one lane of traffic in each direction at less than the maximum posted speed and at such a slow speed as to impede the normal and reasonable movement of traffic, the driver shall, at the first opportunity when and where it is reasonable and safe to do so and after giving appropriate signal, drive completely off the roadway and onto the berm or shoulder of the highway. The driver may return to the roadway after

(continued…)

(b)(2) does not explicitly require pedalcycle operators to leave the roadway. *See* 75 Pa.C.S. § 3364(b)(2).[3] The Majority believes this distinction is not controlling, as the entirety of Subsection (b) is entitled "Slow moving vehicle to drive off roadway." Majority Opinion, at 15-16 (noting that the Legislature would have listed the pedalcycle provision as a new subsection (d) if it intended to exempt pedalcycles from a duty to exit the roadway).

As the Majority notes, our canons of statutory construction provide that section headings "**shall not be considered to control** but may be used to aid in the construction" of the statute. Majority Opinion at 16 (*citing* 1 Pa.C.S. § 1924) (emphasis added). The Majority immediately proceeds to ignore the plain language and the context of Section 3364 to conclude that the title controls the construction of Subsection (b)(2). *See, e.g., id.* at 16 (pointing to the Legislature's decision to place the pedalcycle-specific provision under the heading of "Slow moving vehicle to drive off roadway" to conclude the Legislature did not intend to foreclose the possibility that pedalcycle operators might have to leave the roadway). Importantly, the Majority points to no other factor supporting the imposition of a duty to exit the roadway upon pedalcycle operators.

The plain text of Subsection (b)(2) contains no such duty. As even the Majority concedes, the first sentence of Subsection (b)(2) explicitly grants pedalcycle operators the right to drive at "a safe and reasonable speed appropriate for the pedalcycle." 75

---

giving appropriate signal only when the movement can be made in safety and so as not to impede the normal and reasonable movement of traffic.

75 Pa.C.S. § 3364(b)(1).

[3] Subsection (b)(2) states: "A pedalcycle may be operated at a safe and reasonable speed appropriate for the pedalcycle. A pedalcycle operator shall use reasonable efforts so as not to impede the normal and reasonable movement of traffic." 75 Pa.C.S. § 3364(b)(2)

Pa.C.S. § 3364(b)(2). However, the Majority quickly dismisses the relevance of this right, opining that the first sentence of Subsection (b)(2) "is not at issue at all." Majority Opinion at 13. Yet the Majority claims to resolve any ambiguity in the second sentence by referencing the placement of Subsection (b)(2) within the statute. This is akin to "entering a crowded cocktail party and looking over the heads of the guests for one's friends." Reading the Law: The Interpretation of Legal Texts, Antonin Scalia and Brian A. Garner (1st ed. 2012), at 377.[4] I conclude that, far from being irrelevant to our analysis, this right evinces a Legislative intent of assessing the reasonable speed for pedalcycle operation based on the safety of the operator, not the effect the speed has on motor vehicle traffic.

With this Legislative intent in mind, I turn to the second sentence of Subsection (b)(2): "A pedalcycle operator shall use reasonable efforts so as not to impede the normal and reasonable movement of traffic." 75 Pa.C.S. § 3364(b)(2). Once again, the Legislature did not include any language requiring pedalcycle operators to leave the roadway. Instead, the Legislature merely required "reasonable efforts" to allow for the reasonable flow of traffic. Given the clearly expressed legislative policy in the preceding sentence, the pedalcyclist's safety is the focus, not the normal and reasonable movement of traffic.

To reach the conclusion that such reasonable efforts may sometimes include a duty to leave the roadway, the Majority improperly adds language to the statute. As noted above, this becomes clear when the statute is considered from the viewpoint of a pedalcycle operator. There is no "in-between" option for operators. They either leave the roadway, yielding to other vehicles, or they risk being stopped by law enforcement and receiving a citation. Given the first sentence of Subsection (b)(2), I cannot conclude the

---

[4] While that quote is included as a critique of the use of legislative history in interpreting statutes, the logic applies here in the selective use of the context and structure of the statute.

Legislature intended this result. Instead, as the Majority notes, other measures, such as "moving to the right-side of the lane[,]" are all the statute requires of pedalcyclists. Majority Opinion at 19. This interpretation recognizes a pedalcyclist's right to travel the roadways with motorists on an equal footing while applying the commonsense reality that pedalcyclists are unable to travel at speeds commensurate with motor vehicles and thus must use their best efforts so as not to impede vehicular traffic.

Justice Wecht joins this dissenting opinion.